UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL NO.

-vs-

                                                                                    18-21-SDD-RLB-11

KIM K. MURPHY

**ORDER**

This matter is before the Court on a Motion to Withdraw as Counsel (R. Doc. 1011) and multiple letters from the defendant to the Court requesting new counsel (R. Docs. 1053, 1054).

This is the second request for this relief. The Court previously denied a similar request. (R. Doc. 487). In that ruling, the Court specifically noted the efforts of Attorney McKenna throughout this litigation. As contained in that earlier motion, counsel represented to the Court that the defendant "discharged counsel" and refused to assist Attorney McKenna in his defense. Defendant did not, however, intend to hire counsel or represent himself. Rather, based on his disagreements with this attorney and apparent displeasure with how the case was proceeding, he unilaterally determined that he would not participate in his defense unless new counsel was appointed.

Since that earlier ruling, Attorney McKenna has continued to diligently represent the defendant despite reporting that defendant has physically threatened and verbally abused him. Although the COVID-19 pandemic has led to unprecedented delays, Attorney McKenna filed a motion seeking and receiving the examination of the defendant as requested (R. Docs. 622 and 627). Attorney McKenna has also filed a motion to suppress that is currently pending. (R. Doc. 980).  With respect to the requested evaluation, and without revealing the specifics of that process or the specific results, it is relevant to note that the defendant exhibited minimal effort,

was possibly exaggerating or feigning certain behavior, and reflected significant overreporting of symptoms. This demonstrates that the defendant is the problem here.

At the Court's hearing on November 15, 2021, the defendant refused to acknowledge that counsel even filed the requested motion, despite being shown a copy of the filed motion and informed by the Court of the specific docket number. The defendant also began the hearing by informing the Court that he did not understand anything that was being explained to him. The Court's evaluation of the defendant's demeanor and attitude supported a conclusion that he was simply being difficult, obstructive, and attempting the thwart any efforts by the Court to proceed. This conclusion was later confirmed by his later participation in the hearing. That participation, however, was temporary, as the defendant later refused to answer any questions or make any further statements. When the Court and counsel addressed each other, the defendant instead chose to yell outbursts until he was removed from the courtroom.

The 6th Amendment guarantees a criminal defendant the right to counsel in criminal prosecution. Generally, this means that the defendant has the right to choose and retain his own attorney. *U.S. v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007). However, the "right to counsel of choice ... is not absolute." *Id*. As explained in *U.S. v. Young*, 482 F.2d 993, 995 (5th Cir. 1973), "[a]lthough an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." Good cause may include a showing of a complete breakdown in communication or an irreconcilable conflict. *Young*, 482 F.2d at 995. A complete breakdown in communication or irreconcilable conflict is one where representation of the defendant is "impossible." *Young*, 482 F.2d. at 996.

Unless the defendant shows a Sixth Amendment violation, it is within the discretion of the court whether to appoint a different attorney for criminal defendant who is dissatisfied with appointed counsel. *Id*. A Sixth Amendment violation occurs when counsel's performance is "below an objective standard of reasonableness," specifically, "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

The Court's prior analysis of this issue is unchanged in that it is evident from the record that Attorney McKenna has diligently represented Mr. Murphy. Much of the defendant's apparent unhappiness is based on results of motions that he did not agree with, his unilateral decisions not to participate in his defense, his lack of respect for the Court and its proceedings, and a combination of a poor attitude or deceit in a court ordered evaluation.

The defendant and counsel's position is that there has been a complete breakdown in communication. *Young*, 482 F.2d at 995. With respect to communications, the Court again notes that a disagreement with certain decisions by the trial judge or the path forward will not change simply because a new attorney enrolls.

As noted at the hearing, however, there is not a pending trial date or a hearing on the pending motion to suppress. Standby counsel, Attorney Andre Belanger, has appeared with the defendant in a prior proceeding and has communicated with Attorney McKenna. Attorney McKenna "believes the conflict and disagreements with the Defendant have led to a complete lack of trust and communication from the Defendant, and it is in the best interest of justice for the Defendant to receive new Counsel." Based on the Court's review of the record and observations of the defendant, the Court will agree. Although it is by no means clear, this may be a situation where this particular attorney and client are the wrong fit for one another and justice would be better served with new counsel. The defendant is warned, however, that unilaterally

deciding to no longer communicate with your attorney will not be grounds for any later motion directed to new counsel.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Withdraw as Counsel of Record (R. Doc. 1011) is **GRANTED**. This matter is referred back to the Federal Public Defender's Office for appointment of Attorney Andre Belanger from the Criminal Justice Act Panel.

Signed in Baton Rouge, Louisiana, on November 18, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**